UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAREY F. DALY,<br><br>       Plaintiff,<br><br>    v.<br><br>PEARL SPIRITS INC., et al.,<br><br>       Defendants.<br>_____/ | No. C 08-4398 PJH<br><br>**ORDER DISMISSING CLAIMS AGAINST LUXCO, INC. DUE TO REQUEST FOR VOLUNTARY DISMISSAL** |

      Before the court is defendant Luxco, Inc.'s ("Luxco") motion to dismiss, which plaintiff Carey Daly ("plaintiff") opposes. Because the court finds this matter suitable for decision without oral argument, the hearing date of June 24, 2009 is VACATED pursuant to Civil Local Rule 7-1(b). Having carefully read the parties' papers and considered the relevant legal authority, the court hereby dismisses the claims asserted against Luxco without prejudice, for the reasons stated below.

**BACKGROUND**

      Plaintiff, a minority shareholder in Pearl Spirits, Inc. ("Pearl"), brought this action, individually and as assignee, against Pearl, Patrick Silvagnia ("Silvagnia"), David Lee ("Lee") and Luxco for involuntary dissolution and damages. Compl. ¶ 1. Pearl is a California corporation that developed and marketed a top-shelf, high-end brand of vodka in the United States. Id. ¶¶ 3, 8. Silvagnia is the Chief Executive Officer, a director and a shareholder of Pearl. Id. ¶ 4. Lee is corporate counsel to and a corporate officer and director of Pearl. Id. ¶ 5. Lee is also a shareholder of Pearl. Id. Luxco is a Missouri corporation that entered into a licensing agreement with Pearl in May 2004. Id. ¶¶ 6, 13.

Sometime in or before 1997, Pearl developed the Pearl Brand and trademark, which were duly registered with the United States Patent and Trademark Office, Registration Nos. 2,33,670, 2,555,917 and 2,720,870 (collectively "Pearl Brand"). Compl. ¶ 10. The Pearl Brand was Pearl's sole revenue producing asset. Id.

In or about 1997, the founder and then Chairman and President of Pearl, Russell Dale ("Dale"), along with Silvagnia and Lee, approached plaintiff and solicited from him a cash investment in Pearl. Compl. ¶ 8. According to plaintiff, Silvagnia and Lee encouraged him to invest in Pearl because they intended to take the company through an initial public offering and establish it as a publicly traded company. Id. Silvagnia and Lee allegedly made various unspecified promises and representations to plaintiff in order to encourage and induce him to invest in Pearl. Id.

In or about October 1997, plaintiff, based on the promises and representations made by Silvagnia and Lee, made an initial cash investment of $50,000 in exchange for 50,000 shares of Series A Preferred Stock. Compl. ¶ 9. Between 1997 and 2001, plaintiff made several additional cash investments in Pearl, totaling $325,000, in exchange for 325,000 shares of Series A Preferred Stock. Id. ¶ 11. In or about 2001, plaintiff assigned approximately 95,000 of his shares to third-party investors, thereby reducing his individual ownership interest in Pearl to approximately 230,000 shares. Id.

In or about 2001, Lee and Silvagnia terminated Dale's employment and position as Chairman and President of Pearl. Compl. ¶ 12. Shortly thereafter, Silvagnia assumed the office of President and Chief Executive Officer of Pearl, without the approval of the Board of Directors, and took control of the operations and management of Pearl. Id.

On or about May 7, 2004, Silvagnia and Lee, without the knowledge, consent or approval of Pearl's shareholders, caused Peal to enter into a licensing agreement with Luxco, whereby Luxco received the exclusive right to use, license, and market Pearl Brand ("Licensing Agreement"). Compl. ¶ 13. The Licensing Agreement provided Luxco with the irrevocable and non-terminable option to purchase the Pearl Brand at a specified time. Id.

2

1  According to plaintiff, Silvagnia and Lee actively concealed the existence of the Licensing
2  Agreement from Pearl's shareholders.  Id. ¶ 14.  On or about June 22, 2006, plaintiff
3  discovered the existence of the Licensing Agreement, but not its terms and conditions or
4  the benefits it conferred upon Luxco, Silvagnia, Lee and others.  Id.

5  Plaintiff alleges that, since in or about May 2004, Silvagnia and Lee have engaged
6  in, and continue to engage in acts of self-dealing, mismanagement and fraud, including
7  abuses of authority, unfairness toward minority shareholders, failure to hold annual
8  shareholder meetings, failure to provide minority shareholders access to corporate books
9  and records, and misuse of corporate funds to pay themselves excessive salaries.  Compl.
10  ¶ 15.  Plaintiff further alleges that this conduct has caused him, as well as other minority
11  shareholders, to suffer actual financial loss.  Id.

12  In addition, plaintiff alleges that Pearl, Lee, White & Lee, LLP (Pearl's law firm) and
13  Silvagnia have ignored or refused to produce any significant and material information in
14  response to his requests to issue him stock certificates, hold annual shareholders'
15  meetings, provide company prospectuses, provide copies of annual financial statements of
16  Pearl and other information and documentation supporting the income and expenses of
17  Pearl.  Compl. ¶ 16.  Nor have Pearl, Lee, White & Lee, LLP and Silvagnia provided
18  information to shareholders required under California law.  Id.

19  On June 20, 2008, plaintiff filed the instant action in the Superior Court of California,
20  County of San Mateo against Pearl, Silvagnia, Lee and Luxco, alleging the following causes
21  of action: (1) fraud; (2) concealment; (3) breach of fiduciary duty; (4) restitution based on
22  rescission; (5) conversion; (6) constructive trust; (7) appointment of receiver; (8) injunctive
23  relief; (9) appointment of referee; (10) accounting; (11) violation of the Racketeer
24  Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.*("RICO"); (12) RICO
25  conspiracy; (13) RICO conspiracy; and (14) RICO conspiracy.

26  On September 19, 2008, this action was removed on the basis of federal question
27  jurisdiction.  On April 6, 2009, Luxco filed a motion to dismiss.  Plaintiff filed an opposition
28  on June 2, 2009.  A reply was filed on June 10, 2009.

## DISCUSSION

Luxco moves the court to dismiss plaintiff's fourth, fifth, sixth, eleventh, thirteenth and fourteenth causes of action for failure to state a claim upon which relief may be granted. In response, plaintiff, among other things, requests that the court continue the hearing on Luxco's motion to dismiss until further discovery can be conducted on the issue of whether Luxco's conduct is actionable or, in the alternative, dismiss plaintiff's claims against Luxco without prejudice.

With regard to plaintiff's request to continue the hearing on Luxco's motion to dismiss to conduct discovery, this request is DENIED. Plaintiff neither cited authority supporting this request nor adequately explained why he has not conducted the discovery he now seeks during the nearly twelve months in which this action has been pending. The uncontroverted evidence before the court indicates that plaintiff received Pearl, Silvagnia and Lee's Rule 26 initial disclosures sometime before March 3, 2009, Shirley Padmore-Mensah ("Padmore-Mensah") Aff. ¶ 4, and received Luxco's Rule 26 initial disclosures on or around April 17, 2009. Lisa Carter ("Carter") Aff. ¶ 4. These disclosures identified, among other things, witnesses with information concerning the Pearl Brand, the Licensing Agreement, Pearl's financial condition and performance, operations, corporate governance and shareholders, as well as available documents relating to the Pearl Brand, the Licensing Agreement and Pearl's financial condition and operations. See Padmore-Mensah Aff., Exh. A; Carter Aff., Exh. A.

Plaintiff has made no showing that he diligently sought to conduct discovery following his receipt of defendants' initial disclosures. Nor is there any evidence before the court indicating that plaintiff has even served discovery requests on Luxco or any other defendant in this action. In fact, the evidence before the court indicates that plaintiff has yet to request to review or obtain documents identified by Luxco in its initial disclosures. Padmore-Mensah Aff. ¶ 5. Moreover, plaintiff has made no showing that if further discovery were allowed, the outcome of the resolution of Luxco's motion to dismiss would be affected.

4

With regard to plaintiff's request to dismiss his claims against Luxco without prejudice, this request is GRANTED. The court construes this request as a notice of voluntary dismissal, without prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(1).

Under Rule 41(a)(1), a plaintiff has an absolute right to voluntarily dismiss his action prior to service by the defendant of an answer or a motion for summary judgment. Concha v. London, 62 F.3d 1493, 1506 (9th Cir. 1995) (citing Hamilton v. Shearson-Lehman American Express, 813 F.2d 1532, 1534 (9th Cir. 1987)). Even if the defendant has filed a motion to dismiss, the plaintiff may terminate his action voluntarily by filing a notice of dismissal under Rule 41(a)(1). Concha, 62 F.3d at 1506 (citing Miller v. Reddin, 422 F.2d 1264, 1265 (9th Cir. 1970)). A plaintiff may dismiss his action so long as the plaintiff files a notice of dismissal prior to the defendant's service of an answer or motion for summary judgment. Hamilton, 813 F.2d at 1534. The dismissal is effective on filing and no court order is required. Concha, 62 F.3d at 1506. The plaintiff may dismiss some or all of the defendants, or some or all of his claims, through a Rule 41(a)(1) notice. Id. (citing Pedrina v. Chun, 987 F.2d 608, 609-10 (9th Cir. 1993)). The filing of a notice of voluntary dismissal with the court automatically terminates the action as to the defendant who is the subject of the notice. Concha, 62 F.2d at 1506. Unless otherwise stated, the dismissal is ordinarily without prejudice to the plaintiff's right to commence another action for the same cause against the same defendants. Id. (citing McKenzie v. Davenport-Harris Funeral Home, 834 F.2d 930, 934-35 (9th Cir. 1987)). Such a dismissal leaves the parties as though no action had been brought. Id.

Because Luxco has not filed an answer to plaintiff's complaint or a motion for summary judgment, and because plaintiff has exercised his right to voluntarily dismiss his complaint without prejudice under Rule 41(a)(1), the claims asserted against Luxco are dismissed without prejudice.

///
///
///
///
///

5

**CONCLUSION**

For the reasons stated above, the court hereby dismisses the claims asserted against Luxco – plaintiff's fourth, fifth, sixth, eleventh, thirteenth and fourteenth causes of action – without prejudice.

The parties are reminded of the July 8, 2009 ADR telephone conference and are ordered to submit a stipulation for an ADR option within one week of the conference.

**IT IS SO ORDERED.**

Dated: June 19, 2009

_____
PHYLLIS J. HAMILTON
United States District Judge